IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES RIVES,

      Petitioner,               No.2:06-cv-02620 ALA

      vs.

ROBERT A. HOREL, et al.,

      Respondents.           <u>ORDER</u>

_____/

      Petitioner James Rives is a state prisoner proceeding *pro se* with an application for writ of habeas corpus pursuant 28 U.S.C. § 2254. Mr. Rives filed his amended petition on February 6, 2007. Respondent filed a motion to dismiss on April 12, 2007, arguing that the petition should be dismissed on two grounds. Respondent argues that Mr. Rives failed to exhaust state judicial remedies and has failed to state a claim. Petitioner opposes the motion. Respondent's motion to dismiss is granted and the petition is dismissed on the ground that Mr. Rives has failed to exhaust state judicial remedies.

**I**

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of

1

the court to notify the petitioner."  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir.1990) (using Rule 4 to evaluate a motion to dismiss a habeas petition for failure to exhaust state remedies).

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

"To satisfy the exhaustion requirement of § 2254, habeas petitioners must 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights.'"  *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, *as well as a statement of the facts that entitle the petitioner to relief*." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996) (citing *Picard v. Connor*, 404 U.S. 270 (1971)) (emphasis added).

In the instant petition, although no particular parole hearing is specifically identified, it appears that Mr. Rives challenges the Board of Prison Terms' (the "Board") decisions to deny him parole on two grounds.  First, Mr. Rives alleges that his "[l]ife sentence has been altered by the Board to resemble a sentence of life without the possibility of parole or death, thus constitut[ing] an ex-post facto application of the law."  Pet. at 4.  Second, he alleges that the Board violated his due process rights at his parole hearing because there was "no evidence" that

he was a current danger to society and because the Board failed to set his release date in accordance with California law.  Pet. at 5.

Mr. Rives filed a state habeas petition which the California Supreme Court denied on April 19, 2006.  In his state habeas petition, Mr. Rives sought declaratory judgment that "the retroactive application of the new no parole policies and procedures of 1991 through 2004, and harsher guidelines to Petitioners preguideline case of the Determinate Sentencing Act of 1976 violates the Constitution Ex Post Facto and Due Process Clause."  Mot. to Dismiss Ex. A at 29.  In his state habeas petition, Mr. Rives also stated that the "determination that Petitioner is unsuitable for parole must be supported by some evidence bearing some indicia of reliability."  Mot. to Dismiss Ex. A at 26.  Therefore, Mr. Rives alerted the California Supreme Court that he was asserting federal constitutional claims based on the Ex Post Facto Clause and due process.

However, in his state petition, Mr. Rives did not present any specific facts to support these claims.  Mr. Rives did not provide any information about what evidence the Board heard at any specific parole hearing, or how the Board erred.  Mr. Rives's conclusory allegations did not permit the California Supreme Court to conduct a meaningful review of his claims.  Mere mention of the U.S. Constitution, or broad constitutional principles such as due process, is insufficient.  *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir.), *cert. denied*, 546 U.S. 1037 (2005) (explaining that a reference to the "federal Constitution" and "due process," "without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim" in state court).  Thus, Mr. Rives's claims were not fairly presented to the state court and his claims have not been exhausted.  *See Gray*, 518 U.S. at 163 (explaining that a statement of facts explaining grounds for relief is required for exhaustion).

Because Mr. Rives's instant petition is dismissed for failure to exhaust state remedies, it is unnecessary to rule on Respondent's second argument that Mr. Rives's petition should be dismissed for failure to state a claim.

Petitioner is forewarned that there is a one year limitations period in which Petitioner

must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).[1] In most cases, the one year period starts to run on the date the California Supreme Court denies Petitioner's direct review. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982). The limitations period is tolled while a properly filed request for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). However, the limitations period is not tolled for the time such an application is pending in federal court. *Duncan v. Walker*, 531 U.S. 991 (2001).

**II**

In the instant petition, Mr. Rives requests that he be appointed counsel. Pet. at 9. There is no constitutional right to counsel during federal habeas proceedings *See Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir.1993) ("Clearly, there is no constitutional right to counsel on [federal] habeas."). District courts have discretion to appoint an attorney in habeas corpus proceedings when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The issues here are straightforward and Mr. Rives is in possession of the facts concerning his parole hearings. Thus, Mr. Rives's request for appointed counsel is denied. *See, e.g., LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (holding that habeas corpus petition was not entitled to appointment of counsel where his pleadings illustrated that he had an understanding of the issues and could coherently present his claims).

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244(b)'s prohibition on filing second petitions. *See In re Turner*, 101 F.3d 1323 (9th Cir.1996) (holding that AEDPA's bar for filing successive petitions does not apply to second or subsequent petitions where the first petition was dismissed without prejudice for failure to exhaust state remedies). However, the Supreme Court has held that:
> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

*Slack v. McDaniel*, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

///

Based on the foregoing it is therefore ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice;

2. Petitioner's request for appointment of counsel is denied; and

3. The clerk of the court notify Petitioner of this Order.

/////

DATED: November 15, 2007

                    /s/ Arthur L. Alarcón
                    UNITED STATES CIRCUIT JUDGE
                    Sitting by Designation